## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **WILLIE ALFRED GREEN,** | **PRISONER HABEAS CORPUS 28 U.S.C. § 2254** |
| **Petitioner,** | |
| **v.** | |
| **DELIJAH WASHINGTON,** | **CIVIL ACTION FILE NO. 1:20-CV-2337-MHC** |
| **Respondent.** | |

## ORDER

Presently before the Court is Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [Doc. 44], in which he recommends that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. The Order for Service of the R&R [Doc. 45] provided notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. Petitioner has filed two identical copies of his objections to the R&R [Docs. 50, 54] ("Pet'r's Objs.").

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093,1095 (11th Cir. 1983). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of those portions of the R&R to which objections have been made and has reviewed the remainder of the R&R for plain error. See Slay, 714 F.2d at 1095.

Petitioner, who appears to be on probation or community supervision in Temple Terrace, Florida, filed the instant 28 U.S.C. § 2254 petition for a writ of habeas corpus (the "Petition") [Doc. 1] on May 29, 2020, to challenge his 2017 convictions in Cherokee County Superior Court for family violence battery, aggravated stalking, first degree burglary, hindering an emergency telephone call,

and tampering with the operation of an electronic monitoring device.  Pet. at 1;

General Bill of Indictment [Doc. 11-7 at 4-7]; Final Disposition [Doc. 11-7

at 10-14].  Petitioner has raised six grounds for relief, some of which include

various sub-claims.  Pet. at 11-14.

In the R&R, the Magistrate Judge determined that, with respect to Grounds

1(b), 2(a)(1), 2(a)(2), and 6(b)(3), this Court must, pursuant to 28 U.S.C.

§ 2254(d), defer to the state habeas corpus court's determination that Petitioner is

not entitled to relief because Petitioner has failed to demonstrate that the state

court's findings and conclusions were unreasonable.  R&R at 13-27.  The

Magistrate Judge further concluded that Petitioner waived Grounds 1(a), 3, 4, 5,

and 6(a) by pleading guilty and that the remainder of Petitioner's claims, Grounds

2(a)(3), 2(b) 6(b)(1), 6(b)(2), and 6(c), are procedurally defaulted.  R&R at 27-32.

In order to discuss Petitioner's Objections, some factual background is

necessary.  During Petitioner's guilty plea, the prosecution recited the factual basis

of Petitioner's crimes,[1] which is summarized as follows:  Petitioner and his

---

[1] Document 11-7 is one of several attachments to Defendants' Answer-Response [Doc. 9] to the Petition.  Document 11-7 is "Volume 2" of the transcripts and exhibits from Petitioner's state court proceedings.  There are several transcripts in Document 11-7, including two transcripts from trial proceedings occurring on May 15, 2017 [Doc. 11-7 at 21-69], and May 16, 2017 [Doc. 11-7 at 93-191].  On May 15, 2017, the state court conducted some pre-trial matters, and jury selection began on May 16, 2017.  Petitioner initiated his guilty plea in the middle of jury selection

girlfriend, Shardae Allen, lived together with four children in Cherokee County.

Tr. (May 16, 2017) at 97.  Petitioner had previously engaged in violence against

Ms. Allen.  Id.  On May 30, 2016, Petitioner was arrested by Cherokee County

Police for violence and threats against Ms. Allen.  Id. at 97-98.  On May 31, 2016,

Ms. Allen was granted an *ex parte* temporary protective order ("TPO") which

required Petitioner to stay away from the shared residence and not have contact

with Ms. Allen.  Id. at 98.  The TPO was served on Petitioner.  Id.  Nonetheless, on

the evening of May 31, 2016, Petitioner sent Ms. Allen numerous text messages

and attempted to call her.  Id. at 98-99.  Ms. Allen called 911 and reported that

Petitioner was in violation of the TPO.  Id. at 99.  In the early morning hours of

June 1, 2016, Defendant broke into Ms. Allen's residence and kicked down her

bedroom door.  Id.  Ms. Allen called 911, but Petitioner made Ms. Allen tell 911

operators that it was a false alarm.  Id. at 99-100.  The police responded anyway,

but by the time police arrived, Petitioner had fled.  Id. at 100.  The police were able

to arrest Petitioner later that day on June 1, but after he had been released on bond,

Petitioner cut off his ankle monitor and fled to California, taking Ms. Allen and the

---

on May 16, 2017, and the Court conducted the full the change-of-plea hearing on
that day.  These transcripts will be referred to as "Tr. (May 15, 2017)" and "Tr.
(May 16, 2017)" for ease of reference.

children with him.  Id.  Petitioner was arrested in California on other charges, pled

guilty, and eventually returned to Georgia.  Id. at 100-01.

In his objections, Petitioner first contends that it is undisputed that the TPO

obtained by Ms. Allen was based on perjured testimony and, as a result, his

convictions were improper.  Pet'r's Objs. at 1-3.  According to Petitioner, Ms.

Allen staged the crime scene and lied to police to make him look guilty and lied to

the state court to obtain the TPO.  Id.  It appears that Ms. Allen did, in fact, stage

the evidence on May 30, 2016, to make it appear that Petitioner had kicked a door

down on that date, even though Petitioner had kicked it down on an earlier date.

Tr. (May 16, 2017) at 135.  Ms. Allen also testified to other significant events in

which Petitioner physically abused her, id. at 132-34, and the trial court was well

aware of these facts when it accepted Petitioner's guilty plea.

To the degree that Petitioner seeks to establish his actual innocence claim as

a gateway to review his procedurally defaulted claims,[2] the Magistrate Judge

_____

[2] A freestanding claim of actual innocence is not a cognizable claim for § 2254
relief.  Collins v. Sec'y, Dept. of Corr., 809 F. App'x 694, 696 (11th Cir. 2020)
(citing Cunningham v. Dist. Att'y's Office for Escambia Cnty., 592 F.3d 1237,
1272 (11th Cir. 2010), and Jordan v. Sec'y, Dept. of Corr., 485 F.3d 1351, 1356
(11th Cir. 2007)).  Rather, a viable claim of actual innocence acts as a gateway
through which petitioners may obtain review of procedurally defaulted claims,
Rozzelle v. Sec'y Dept. of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012), or claims
barred by the statute of limitations, McQuiggin v. Perkins, 569 U.S. 383 (2013).

pointed out that Petitioner had failed to present any new evidence in support of his

claim.  R&R at 25.  In order to establish a claim of actual innocence to demonstrate

a miscarriage of justice, Petitioner must present *new* evidence that was not

available at the time of his conviction, McQuiggin, 569 U.S. at 399, but Ms. Allen

had recanted her allegation that Petitioner had assaulted and stalked her prior to

Petitioner's guilty plea.  R&R at 27-28 n.8; Tr. (May 15, 2017) at 9.  Because

Petitioner pleaded guilty after learning about the recantation, he has waived all

claims related to it.

Although Petitioner has now filed the affidavit[3] of Ms. Allen, stating that she

agreed to testify against Petitioner and that prosecutors told her she would not be

prosecuted for perjury for doing so, Petitioner did not present this affidavit to the

Magistrate Judge.  As Petitioner presents this new evidence for the first time in

connection with his objections, this Court declines to consider it.  See Williams v.

McNeil, 557 F.3d 1287 (11th Cir. 2009) ("[A] district court has discretion to

decline to consider a party's argument when that argument was not first presented

---

[3] After the Magistrate Judge issued the R&R, Petitioner filed two identical copies
of an affidavit by Ms. Allen in which she states that a prosecutor promised her
"that in exchange for my cooperation and testimony with [the prosecutor's] case
that I would not be prosecuted for giving perjured testimony at the TPO hearing on
May 31st 2016 and that I would also not be prosecuted for planting evidence
against Mr. Green at our home on May 30th 2016." [Docs. 51, 53 at 3].

6

to the magistrate judge."); see also United States v. Howell, 231 F.3d 615, 621 (9th

Cir. 2000) (holding that district courts are not required to consider supplemental

factual allegations presented for the first time in objections to a magistrate judge's

report and recommendation).

Even if this Court were to consider the affidavit evidence, it is not new

evidence tending to show it is more likely than not that no reasonable jury would

have convicted him. Schlup v. Delo, 513 U.S. 298, 327 (1995). As stated above,

the trial court was well aware that Ms. Allen admitted to staging the crime scene to

make Petitioner appear guilty. As noted by the prosecution at Petitioner's plea

hearing, Petitioner was not charged with (or convicted of) crimes related to the

staged crime. Tr. (May 16, 2017) at 136. Moreover, as noted by the trial court,

Petitioner was served with a TPO, and he violated that order by entering the house

and kicking down Ms. Allen's bedroom door. Id. at 141. While Petitioner raises a

valid argument that he should not have been convicted for violating a protective

order when the protective order was granted based on perjured testimony, the trial

court's determination that Petitioner's conviction could stand because the

protective order was facially valid is not "contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme

Court of the United States." 28 U.S.C. § 2254(d)(1); United States v. DuBose, 598

F.3d 726, 733 (11th Cir. 2010) (holding that in a 28 U.S.C. § 922(g)(8)

prosecution—possession of a firearm while subject to domestic protective order—

the validity of an underlying protective order is irrelevant to defendant's

conviction); Roland v. Phillips, 19 F.3d 552, 556 (11th Cir. 1994) (holding that, in

the context of a 42 U.S.C. § 1983 action, a sheriff's deputy "correctly charged" the

plaintiff with obstruction for violating a "facially valid, judicial restraining order").

Petitioner further argues that the Magistrate Judge erred in concluding that,

by pleading guilty, he had waived his challenges to his burglary conviction. Pet'r's

Objs. at 4-11. According to Petitioner, his indictment for burglary did not

sufficiently recite the elements necessary to sustain his conviction, and he could

not be convicted for burglary by entering his own home. Id. at 6. Petitioner points

to Georgia case law for the proposition that a guilty plea does not act as a waiver of

a claim of a fatally flawed indictment. See, e.g., Smith v. Hardrick, 266 Ga. 54, 55

(1995). However, by its terms, § 2254 is limited to federal challenges to a

conviction or sentence, and under federal law, defects in an indictment are not

"jurisdictional." United States v. Cotton, 535 U.S. 625, 630 (2002). "Once a plea

of guilty has been entered, non-jurisdictional challenges to the conviction's

constitutionality are waived, and only a challenge to the voluntary and knowing

nature of the plea can be raised." McCoy v. Wainwright, 804 F.2d 1196, 1198

(11th Cir. 1986) (citing <u>McMann v. Richardson</u>, 397 U.S. 759 (1970)); <u>see also</u>

<u>Merilien v. Warden</u>, 17-13117-H, 2019 WL 3079386, at *2 (11th Cir. May 3,

2019) (holding that a claim that the indictment was invalid is waived by

subsequent guilty plea); <u>United States v. Vargas</u>, 563 F. App'x 684, 686 (11th Cir.

2014) (holding that a claim that the indictment was insufficient is waived by virtue

of guilty plea).

    Next, Petitioner contends that the Magistrate Judge erred in concluding that

one of his ineffective assistance claims, Ground 3, was waived by his guilty plea.

Pet'r's Objs. at 11-16.  However, despite the way he words the claim, Ground 3

does not raise a claim of ineffective assistance.  Rather, that ground asserts that

Petitioner's rights were violated when "the trial court denied plea counsel the right

to provide effective assistance when it would not allow plea counsel to investigate

undisclosed evidence and <u>Brady</u> material that was not provided to the defense

. . . ."  Am. Pet. [Doc. 13-1] at 1.  It is thus clear that Ground 3 raises a claim under

<u>Brady v. Maryland</u>, 373 U.S. 83 (1963)—which was waived by Petitioner's guilty

plea—and not a claim of ineffective assistance of counsel.

    Finally, in response to Petitioner's extensive argument that he was denied

his right to represent himself under <u>Faretta v. California</u>, 422 U.S. 806 (1975), this

Court agrees with the trial court that Petitioner made his request to proceed pro se

too late.  Tr. (May 16, 2017) at 59 (denying motion to proceed pro se because Petitioner waited "until after the case was called for trial to make that request"); see also, United States v. Young, 287 F.3d 1352, 1354 (11th Cir. 2002) (holding that request to proceed pro se is untimely if made after "meaningful trial proceedings commenced").

Accordingly, it is hereby **ORDERED** that Petitioner's Objections [Docs. 50, 54] to the R&R are **OVERRULED**.  The Court **APPROVES AND ADOPTS** the Final Report and Recommendation [Doc. 44] as the opinion and order of this Court.  It is hereby **ORDERED** that the petition for a writ of habeas corpus [Doc. 1] is **DENIED**.

It is further **ORDERED** that a Certificate of Appealability is **DENIED** because Petitioner has not met the requisite standard.  See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing 28 U.S.C. § 2253(c)).  Petitioner may seek a certificate from the Eleventh Circuit Court of Appeals under Federal Rule of Appellate Procedure 22.  Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 27ᵗʰ day of May, 2021.


_____
MARK H. COHEN
United States District Judge

11